IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 10-01098-TUC-CKJ(HCE) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Francisco Castaneda Rivera, | |
| Defendant. | |

Presently pending before the Court is Defendant's Motion To Suppress Expert Testimony As To Drug Trafficking Organizations And Use Of Unwitting Couriers (Doc. 32) Defendant's Motion came on for oral argument on April 27, 2011.

After review of Defendant's Motion, the Government's Response to Defense Motion To Suppress Expert Testimony Regarding Expert Testimony Regarding Expert Testimony And Unwitting Couriers [sic] (Doc. 35), and respective counsel's argument, the Magistrate Judge recommends that the District Court deny Defendant's Motion To Suppress Expert Testimony As To Drug Trafficking Organizations And Use of Unwitting Couriers (Doc. 32).

**I. FACTS**

On April 25, 2010, Defendant attempted to enter the United States from the Republic of Mexico at the Lukeville, Arizona Port of Entry. (Doc. 1). Defendant was the sole occupant and driver of a 2005 Ford F-150 pickup with temporary license plates. (Defendant's Motion at p. 3). Defendant is alleged to have stated that he had purchased the vehicle a few days

1 earlier in Mexico and that he was traveling to Phoenix and then Texas. (Government
2 Response to Defendant's Motion at p. 2). Defendant was asked to provide his passport at
3 which time he exhibited signs of nervousness, such as hands shaking , stuttering, and an
4 inability to answer questions. (*Id.*). Defendant was referred to secondary inspection. (*Id.*).
5 Defendant's vehicle was scanned and an anomaly was noted inside an auxiliary diesel fuel
6 tank. (*Id.*) Discovered in a non-factory compartment in the auxiliary diesel fuel tank was
7 83.46 kilograms of marijuana. (*Id.*).

## II. INDICTMENT

Defendant is charged with, on or about April 25, 2010, at or near Lukeville, in the District of Arizona, knowingly and intentionally importing into the United States of America from the Republic of Mexico, approximately 83 kilograms of marijuana, in violation of 21 U.S.C. §§952(a), 960(a)(1) and (b)(3) (Count 1); and on or about April 25, 2010, at or near Likeville, in the District of Arizona, knowingly and intentionally possessing with the intent to distribute 83 kilograms of marijuana, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C) (Count 2).

## III. GOVERNMENT DISCLOSURE

The Government has filed Notice of Expert Witness (Pursuant to: Rule 16(a)(1)(G), F.R.C.P.) (Doc. 36). Therein, the Government has disclosed its intention to call Supervisory Special Agent (hereinafter "SSA") Juan Bortfield, of the United States Homeland Security Investigations. SSA Bortfield, based upon his training and experience, will testify as to the value of the drugs seized in the instant case, the importance of courier control within drug operations, and that drug traffickers do not entrust large value drug loads to unknowing individuals. SSA Bortfield will not testify or offer an opinion to the ultimate question regarding Defendant's knowledge of the drugs hidden in the vehicle he drove. SSA Borfield has been previously qualified and testified as an expert witness in the United States District Court.

## IV. ANALYSIS

Testimony that drugs are rarely smuggled by unknowing or unwitting couriers is admissible as relevant, probative, and not unduly prejudicial. A government expert may testify as to the modus operandi of couriers involved in drug trafficking organizations, inclusive of drug traffickers not entrusting unaware, unwitting, or unknowing couriers with large quantities of drugs. *United States v. Murillo*, 255 F.3d 1169, 1176 (9th Cir. 2001), *citing United States v. Cordoba*, 104 F.3d 225, 230 (9th Cir. 1997)(holding that expert testimony that drug traffickers do not entrust large quantities of drugs to unknowing transporters was not drug courier testimony). An expert may testify:

> that drug traffickers want to maintain control of the drugs they are transporting, and that they would need to know who was transporting the drugs and when they could be retrieved.

*United States v. Sepulveda-Barraza*, 634 F.3d 1075, 1078 (9th Cir. 2011)[1].

The Government, herein, must prove that Defendant "knowingly and intentionally" possessed with the intent to import and to distribute 83 kilograms of marijuana. SSA Bortfield's testimony is not sought to be introduced by the Government to show that Defendant had knowledge of how the large drug trafficking organization operated and thus knew he was transporting drugs. *Compare United States v. Vallejo*, 237 F.3d 1008, 1012, *amended by* 246 F.3d 1150 (9th Cir. 2001). Rather, SSA Bortfield's testimony sought makes Defendant's knowledge more probable than it would be without the testimony, and is thus, relevant. *Id.* at 1080. SSA Bortfield's testimony regarding his background and experience investigating drug trafficking organizations [is] also relevant to establish that his opinion 'rests on a reliable foundation ...'". *Id.*, *citing Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 113 (1993).

### V. CONCLUSION

SSA Bortfield's testimony regarding his knowledge, experience and background in investigating drug couriers, delivery of drugs, roles within an organization, and fees paid to couriers is relevant, probative and not prejudicial regarding the implausibility that Defendant

---

[1] The expert testifying in *Sepulveda-Barraza* was SSA Bortfield.

was not aware of drugs in the auxiliary diesel fuel tank in a Ford F-150 pickup purchased in Mexico a few days prior to his attempt to enter the United States at the Lukeville, Arizona Port of Entry.

## VI. RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District court deny Defendant's Motion To Suppress Expert Testimony As To Drug Trafficking Organizations and Use of Unwitting Courtiers (Doc. 32).

Pursuant to 28 U.S.C. §636(b), Rule 59 of the Federal Rules of Criminal Procedure, LRCrim 12.1 and LRCiv 7.2(e), any party may serve and file written objections within fourteen (14) days after being serve with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: **CR 10–01098-TUC-CKJ.**

Failure to file objections in accordance with Fed.R.CrimP. 59 will result in waiver of the right to review.

DATED this 6th day of May, 2011.

_____
Héctor C. Estrada
United States Magistrate Judge